IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

SHARON GUERRA,                                    |
                                                  |
    Plaintiff,                 |
                                                  |
v.                                                |     Case No.: 1:22-CV-00061-JHR/SCY
                                                  |
SEQUEL OF NEW MEXICO, LLC                          |
d/b/a BERNALILLO ACADEMY,                           |
SEQUEL YOUTH AND FAMILY SERVICES,                  |
and AMIR RAFIEI, as Executive Director,            |
                                                  |
    Defendants.                 |

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Plaintiff Sharon Guerra, by and through her counsel Roybal-Mack & Cordova, P.C. (Amelia P. Nelson), pursuant to the Federal Rules of Civil Procedure, hereby requests a Default Judgment against Defendants Sequel of New Mexico, LLC d/b/a Bernalillo Academy and Sequel Youth and Family Services. As grounds therefore, Plaintiff states as follows:

1. Defendants Sequel of New Mexico, LLC d/b/a Bernalillo Academy ("Sequel") and Defendant Sequel Youth and Family Services ("Defendants") are corporate entities (Doc. 2).

2. Defendants filed their Notice of Removal (Doc.1) in this matter on January 27, 2022.

3. On April 6, 2022, the Court entered an Initial Scheduling Order (Doc. 21) where Defendant was ordered to file a JSR by May 13, 2022.

4. On May 13, 2022, the Parties filed a Joint Motion to Stay Discovery and Case Deadlines (Doc. 26) due to Sequel Youth and Family Services ("Sequel") assignment for the benefit of its creditors (the "Assignment"), naming SYFSLLC (ABC), LLC as Assignee and Defendants Opposed Partial Motion to Dismiss Counts I and II of Plaintiff's Complaint

(Doc. 20) that had been fully briefed (Doc. 25) but no decision had been issued by the Court.

5.  The Court granted the Joint Motion to Stay Case Deadlines (Doc. 26) and stayed all discovery and deadlines in this matter for 180 days on May 16, 2022 (Doc. 27).

6.  On June 27, 2022, Defendant's Counsel entered an Unopposed Motion to Withdraw as Defendants' Counsel (Doc. 28).

7.  On July 18, 2022, the Court entered an Order Granting Motion to Withdraw and Order to Show Cause (Doc. 31) requiring Defendants Sequel of New Mexico and Sequel Youth and Family Services to retain new counsel.

8.  Defendants were advised that the failure to enter a new attorney on their behalf may lead to filings made by them being stricken, default judgment against them, or other sanctions being imposed under D.N.M.LR-Civ. 83.7.

9.  To date no new attorney has entered on Defendants behalf.

10. Additionally, the 180-day stay expired on November 14, 2022.

11. Defendants have not complied with the Courts orders.

12. As such all filings made by Defendants should be stricken from the record (Docs.20 and 24), default judgment should be entered against Defendants, and Defendants should be ordered to pay Plaintiff's attorney fees and costs.


**MOTION STANDARD**

An entry of order of default is within discretion of court. *Marschhauser v. Travelers Indem. Co.*, 145 F.R.D. 605, 6 Fla. L. Weekly Fed. D 602, 7 Fla. L. Weekly Fed. D 31, 24 Fed. R. Serv. 3d (Callaghan) 1037, 1992 U.S. Dist. LEXIS 20389 (S.D. Fla. 1992). The court has discretion to

enter a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." FED. R. CIV. P. 55. *Georgia Power Project v. Georgia Power Co.*, 409 F. Supp. 332, 1975 U.S. Dist. LEXIS 15922 (N.D. Ga. 1975).

## ARGUMENT & ANALYSIS

Defendants are not natural persons and must be represented by an attorney. When Defendants' prior attorneys were allowed to withdraw, the Court order specified that a new attorney would need to enter to avoid the possibility of filings being stricken, default judgment, or other sanctions. Despite the clear order by the Court, Defendants have failed to comply. The Court should therefore strike filings made by Defendants, grant default judgement against the Defendants, and order Defendants to pay Plaintiffs attorney fees and costs for their willing and intentional failure to comply with D.N.M.LR-Civ. 83.7.

I.  FILINGS BY DEFENDANTS SHOULD BE STICKEN BECAUSE DEFENDANTS ARE NOT NATURAL PERSONS AND ARE NOT REPRESENTED BY AN ATTORNEY.

It is settled law that a corporation cannot appear other than by its attorney. D.N.M.LR-Civ. 83.7; *see, e.g., Simbraw, Inc. v. United States*, 367 F.2d 373 (3d Cir. 1966); *Flora Construction Co. v. Fireman's Fund Ins. Co.*, 307 F.2d 413 (10th Cir. 1962), *cert. denied*, 371 U.S. 950, 83 S. Ct. 505, 9 L. Ed. 2d 499 (1963). "Absent entry of appearance by a new attorney, any filings made by the corporation, partnership or business entity other than a natural person may be stricken and default judgment or other sanctions imposed." D.N.M. LR-Civ. 83.8(c).

Defendants have failed to have a new attorney enter on their behalf in this matter despite over 180 days passing since the date of the entry of the order. The Defendants filed two (2) substantive filings in this matter before the entry of the order, namely Defendants' Opposed Partial Motion to Dismiss Counts I and II of Plaintiff's Complaint (Doc.20) and Defendants' Reply in Support of

Opposed Partial Motion to Dismiss Counts I and II of Plaintiff's Complaint (Doc.24). These filings should be stricken from the record pursuant to D.N.M. LR-Civ. 83.8(c) and an entry of default should be granted due to Defendants' failure to plead or otherwise defend against the claims in this action.

II.    THE MOTION FOR DEFAULT SHOULD BE GRANTED BECAUSE DEFENDANTS HAVE FAILED TO PLEAD OR OTHERWISE DEFEND AS PROVIDED BY FRCP 55(a)

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). "Absent entry of appearance by a new attorney, any filings made by the corporation, partnership or business entity other than a natural person may be stricken and default judgment or other sanctions imposed." D.N.M.LR-Civ. 83.8(c). The failure of a Corporate Defendant to have new counsel enter as ordered by the court is a "failure, under Rule 55(a), to 'otherwise defend as provided by these rules.' " *Shapiro, Bernstein & Co. v. Cont'l Record Co.*, 386 F.2d 426, 427 (2d Cir. 1967).

Defendants have not had a new attorney enter on their behalf nor have they complied with their obligation under the scheduling orders to file a JSR with the Court. As such default judgment should be entered against Defendants. The Court may also impose other forms of sanctions against the Defendants.

III.    DEFENDANTS' HAVE FAILED TO COMPLY WITH THE COURT'S ORDERS AND SHOULD BE SANCTIONED

Pursuant to FED. R. CIV. P. 16 (f)(1)(C), "the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney… fails to obey a scheduling or other pretrial order." FED. R. CIV. P. 16 (f)(1)(C). "Instead of or in addition to any other sanction,

the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified, or other circumstances make an award of expenses unjust." FED. R. CIV. P. 16(f)(2).

Here, in addition to striking Defendants' filings and entering default judgement against them, the Court should order Defendants to pay for Plaintiff's reasonable expenses including attorney's fees and costs for their willful and intentional failure to obey the Court's scheduling and pre-trial orders. Defendants' noncompliance cannot be substantially justified where they have had 180 days since the Court entered an Order Granting Motion to Withdraw and Order to Show Cause (Doc. 31) and have failed to have an attorney enter an appearance on their behalf, show cause as to why their filings should not be stricken, or even contact Plaintiff's counsel to discuss the matter or a potential JSR. Plaintiff has been forced to incur substantial attorney fees due to Defendants' noncompliance with the Courts orders and it would be unjust to continue to allow Defendants to continue with their flagrant disregard for the Courts orders.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests this Court grant this motion, strike Defendants' filings, grant default judgment against Defendants, set this matter for entry of default, award attorney fees and costs, and for such other and further relief as is just and proper.

Respectfully Submitted:

ROYBAL-MACK & CORDOVA, P.C.

*/s/ Amelia P. Nelson*
AMELIA P. NELSON
*Attorneys for Plaintiff*
P.O. Box 91658
Albuquerque, NM 87109
Telephone: (505) 288-3500
amelia@roybalmacklaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of November 2022, the above was electronically filed with the Clerk of Court using the CM/ECF system, causing all parties of record to be served as detailed in the notification of filing and as follows:

Amir Rafiei, Executive Director
10909 Heather Ridge Dr.
Sandy, UT 84070

Sequel of New Mexico LLC
D/B/A Bernalillo Academy
1801 Randolph Rd. SE
Albuquerque, NM 87106

Sequel Youth and Family Services
1131 Eagletree Lane
Huntsville, AL 35801

Laura Davis Jones
Colin R. Robertson
Pachulski, Stang, Ziehl & Jones, LLP.
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899
*Attorneys for Assignee SYFSLLC (ABC), LLC*

*/s/ Amelia P. Nelson*
AMELIA P. NELSON